therefrom were taken by appellant and certain heirs of the estate interested with him and grew out of objections filed by them. Under these circumstances, it was right that no costs should be taxed against appellee. The order and judgment of the Circuit Court in this case will be affirmed, and as the two appeals connected with the report of final settlement made by appellee have been consolidated in this court, the order of affirmance will apply to both alike.

*Affirmed.*

## W. J. Simer, Administrator, Appellee, v. Earl Hults, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Marion county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed May 1, 1915.

### Statement of the Case.

Action of replevin by W. J. Simer, administrator of the estate of Charles W. Simer, deceased, against Earl Hults. From a judgment in favor of the plaintiff, the defendant appeals.

Defendant claimed to have purchased from Charles W. Simer, plaintiff's intestate, in his lifetime, the property in dispute, consisting of live stock, farming tools, hay and grain. Defendant was an unmarried man who lived with the deceased, his brother-in-law, both farming and working together. Defendant sought to establish his ownership of the property by showing that from time to time Simer borrowed different sums

of money from him and gave notes therefor; that on July 16, 1910, the total amount of these notes was $1,850, and that one note was then given by Simer for the whole amount; that afterwards Simer borrowed an additional amount and gave defendant a note for $335; that in the fall of 1911, after the large note was due, deceased sold and transferred the property in question to defendant, and, in payment therefor, defendant delivered up to him the $1,850 note; that thereafter and until the death of Mr. Simer, defendant lived with him and held possession of the property on the premises. The property in dispute was not inventoried by the administrator, nor did it appear to have been claimed by him as part of the estate until about the time this suit was brought. Defendant attempted to prove the existence of the $1,850 note by the testimony of a brother and the latter's wife, to the effect that a note for that amount, signed by the deceased, payable to defendant, was left by defendant in their possession in 1911, and that afterwards, during the lifetime of Simer, defendant got the note; that the note was attached to a stub which was introduced in evidence, and that the stub bore a correct description of the note left in their possession and later taken away by defendant.

An instruction given for plaintiff told the jury: "If you believe from the evidence in this case that Charles W. Simer, the plaintiff's intestate, had in his lifetime purchased or raised or became the owner of the property in question, and if you further believe from the evidence that he had the property in question in his possession at the time of his death, then such possession is prima facie evidence of the title of the property in Charles W. Simer at the time of his death and in his administrator after his death."

NOLEMAN & SMITH and EARL C. HUGGINS, for appellant.

KAGY & VANDERVORT, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. BILLS AND NOTES, § 421*—*evidence to show existence of note.* Testimony of a person that the payee left with him a note signed by a person since deceased, which he fully described by reference to the stub of a book to which it was attached, and that during the lifetime of the alleged maker the note was returned to the payee, is competent as bearing on the existence of such a note.

2. WITNESSES, § 141*—*when surviving payee may testify as to possession of note.* The payee of a note, alleged to have been returned to the maker in his lifetime in exchange for chattels, may testify in an action of replevin prosecuted by the maker's administrator, that he had not had possession of the instrument since the death of the maker.

3. REPLEVIN, § 147*—*instruction as to presumption of title from possession of chattels.* An instruction in an action of replevin, that evidence of the possession of chattels at the time of a person's death was prima facie evidence of his title, *held* erroneous.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.